# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS LEE KEATING II,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10CV419DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on the Plaintiff Security and Exchange Commission's ("SEC") Motion for Summary Judgment as to Disgorgement and Penalties against Defendant Dennis Lee Keating II. The motion is fully briefed. On April 6, 2011, Defendant filed a pro se document entitled "Defendant Dennis Lee Keating II Memorandum in Support of Motion to Dismiss and/or Waive All Fines, Penalties and Request for Disgorgement," which the court has construed as an opposition to the SEC's motion. On April 8, 2011, the SEC filed a reply memorandum in support of its motion. The court does not believe that oral argument would significantly aid in its determination of the present motion. Accordingly, the court enters the following Memorandum Decision and Order based on the materials submitted by the parties and the facts and law relevant to the motion.

**BACKGROUND**

On June 28, 2010, this court entered a permanent injunction against Keating. Keating consented to the court's entry of the permanent injunction. Among other provisions, the Judgment and Consent provide that

> The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission . . . . In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

Through a series of securities law violations, including the prohibition against unregistered securities offerings of Section 5(a) and 5(c) of the Securities Act, the antifraud provisions of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5, and the broker-dealer registration provisions of Section 15(a) of the Exchange Act, Keating fraudulently raised $17,980,000 in investor funds. From September 2006 through April 2007, Keating transferred at least $2,573,850 in investor funds to his personal bank account. These monies constitute ill-gotten gains to Keating.

**ANALYSIS**

The SEC moves for summary judgment against Keating in order to resolve the remaining issues concerning appropriate monetary relief. Specifically, the SEC moves for an order: (1)

directing Keating to disgorge his ill-gotten gains of $2,573,850; (2) directing Keating to pay prejudgment interest in the amount of $248,099.61; and (3) directing Keating to pay a civil penalty of $130,000.

Keating challenges the validity of the Consent and argues that his sole motivation in consenting was that he could no longer afford legal counsel to continue the fight. Keating asserts that he believed that his inability to pay would be presented to the SEC and taken into consideration with respect to the amounts of disgorgement and penalties. Keating refers to several settlement negotiations between his counsel and the SEC.

Under the terms of the Judgment and Consent, Keating cannot challenge the validity of his Consent. Keating's asserted reasons for entering into the Judgment and the substance of the negotiations by the parties to resolve the remaining issues are not relevant to whether the Commission is entitled to summary judgment on disgorgement and penalties. The SEC is merely moving for the relief provided for in the Judgment and Consent.

**1. Disgorgement**

In determining the appropriate amount of disgorgement, the Judgment and Consent provides that "the allegations of the Complaint shall be accepted as and deemed true by the Court." These allegations include the various securities violations engaged in by Keating, the $17,980,000 of investor funds he raised, and the $2,573,850 of investor funds Keating transferred to his personal bank account. Rather than seek disgorgement of the entire $17,980,000 Keating raised, the SEC seeks only the amount of those funds that it can demonstrate Keating personally received.

Keating does not dispute the correctness of the amounts calculated by the SEC. Rather,

his primary argument is that the court should determine his inability to pay in determining the amount of disgorgement. As the SEC points out in reply, this type of argument has been repeatedly rejected by courts. "A contrary rule would allow con artists to escape disgorgement liability by spending their ill-gotten gains–an absurd result. *SEC v. Warren*, 534 F.3d 1368, 1370 n.2 (11th Cir. 2008). Keating also attempts to argue that he repaid some investors. These allegations, however, lack any specificity and are merely unsupported assertions. Keating is bound by his consent that the allegations of the Complaint are true. Accordingly, the court awards the SEC summary judgment directing Keating to disgorge $2,573,850 as ill-gotten gains.

2. **Prejudgment Interest**

Disgorgement normally includes prejudgment interest to insure that wrongdoers do not profit from their illegal conduct. *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1105 (2d Cir. 1972). In this case, the Judgment specifically provides that prejudgment interest "shall be calculated from November 1, 2008, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2)."

Consistent with the Judgment, the SEC seeks prejudgment interest using the IRS method from November 1, 2008, to the date that the SEC's motion for summary judgment was filed. The court agrees that the SEC is entitled to prejudgment interest in the amount of $248,099.61.

3. **Civil Penalty**

The SEC's motion asks the court to direct Keating to pay third-tier civil monetary penalties in the amount of $130,000. Section 20(d) of the Securities Act, and Section 21(d)(3) of the Exchange Act, provide that the SEC may seek civil penalties for violations of the acts. In determining penalties, courts often apply the following factors: (1) the degree of scienter

4

involved; (2) the isolated or recurrent nature of the violations; (3) the defendant's recognition of the wrongful nature of his conduct; (4) the likelihood that future violations might occur; and (5) the sincerity of the defendant's assurances against future violations. *See SEC v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980).

In this case, Keating's violations were egregious, recurrent, and involved a high degree of scienter. Keating made several significantly false representations to investors, withheld material information from investors, and continued to make reassurances to investors to ensure that they did not withdraw their money. In addition, although Keating entered into a Consent with the SEC, he now seeks to have the case resolved with no monetary award against him. His assertions negate any recognition of the wrongful nature of his conduct. In addition, his current position with respect to monetary damages call into question the sincerity of his assurances against future violations.

The Securities Act and the Exchange Act provide that penalties shall be assessed according to a three-tier system. The third tier applies to violations of the Securities Act and the Exchange Act that: (1) involve "fraud, deceit, manipulation, or reckless disregard for a regulatory requirement"; and (2) "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 77t(d)(2)(c), 15 U.S.C. § 78u(d)(3)(B)(iii). For each fraud violation, the maximum third-tier penalty is the greater of (1) $130,000 for a natural person, or (2) the "gross amount of pecuniary gain" to the defendant as a result of the violation. *Id.*

In this case, Keating's conduct involved fraud that directly resulted in substantial losses to other persons. The SEC conservatively seeks only $130,000 as a penalty. The court can

consider Keating's ability to pay as one of the factors in determining the amount of an appropriate penalty. None of the assertions in Keating's opposition, however, establishes that Keating is truly unable to pay a $130,000 penalty. The SEC could have sought a much larger civil penalty given the nature of Keating's conduct and the amount of funds he fraudulently raised. The court agrees that imposition of the third-tier penalty sought by the SEC is an appropriate punishment for Keating's fraudulent conduct and is an adequate deterrent against similar future conduct by Keating and others. Accordingly, the court grants the SEC summary judgment directing Keating to pay a civil penalty in the amount of $130,000.

## CONCLUSION

For the above stated reasons, the Security and Exchange Commission's Motion for Summary Judgment as to Disgorgement and Penalties against Defendant Dennis Lee Keating II is GRANTED. Keating shall disgorge his ill-gotten gains of $2,573,850, pay prejudgment interest in the amount of $248,099.61; and pay a civil penalty of $130,000. The Clerk of Court is directed to enter final judgment in favor of the SEC and against Keating in the above amounts. Because this ruling disposes of all the issues in the present case, the Clerk of Court is further directed to close the case.

DATED this 22nd day of April, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge